Sammy LOGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00468–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 5, 1986.

Dinah Gaines, San Antonio, for appellant.

Sam Millsap, Jr., Mario Bordini, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before CANTU, REEVES and TIJERINA *, JJ.

## OPINION

CANTU, Justice.

Sammy Logan appeals from his conviction for theft of property of a value of $750.00 or more but less than $20,000.00. TEX.PENAL CODE ANN. § 31.03(e)(4)(A) (Vernon Supp.1986). Trial was to a jury but punishment was assessed by the trial court at confinement for 25 years as a habitual offender. Review is sought on four points of error. We affirm.

Appellant's first two points challenge the sufficiency of the evidence to support a conviction for felony theft. By his first argument it is contended that the evidence, which was circumstantial, amounted to no more than a "strong suspicion" and a "mere probability" that he committed the offense.

The indictment returned by a Bexar County Grand Jury alleged in pertinent part:

* Associate Justice Tijerina not participating.

... [O]n or about the 25th day of May, A.D., 1984, SAMMY LOGAN with intent to deprive the owner, namely: JO BRANNON, of property, namely: ONE (1) BRACELET AND ONE (1) PENDANT, did unlawfully appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had AN AGGREGATE VALUE of Seven Hundred and Fifty Dollars ($750.00) or more but less than Twenty Thousand Dollars ($20,000.00), without the effective consent of the owner ...

We review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

We do so even though the case is a circumstantial evidence case since the standard for testing direct evidence and circumstantial evidence is the same. *Denby v. State*, 654 S.W.2d 457 (Tex.App.1983) (on motion for rehearing en banc).

The evidence reflects that appellant was employed as a porter and pool maintenance man at a San Antonio apartment complex known as Thorpe's Village Apartments. The complainant, Brannon, was a resident of the apartment complex.

On May 24, 1984, a Thursday, Brannon informed the apartment manager, Kay Pierson, that she was having problems with a leaky faucet in her kitchen and that she would leave her burglar alarm turned off and the dead bolt lock open the next morning in order that the maintenance man could enter the apartment to repair the faucet while she was away at work. Friday morning, while preparing for work, she noticed her diamond pendant hanging on a hook in her dressing room because she almost decided to wear it but changed her mind.

That evening when Brannon returned home she found a pink "work slip" on her kitchen counter indicating that someone had been in her apartment but had unsuccessfully worked on the faucet.

Brannon spent the weekend[1] at home and it was not until Tuesday as she prepared to return to work that she became aware that her pendant and other jewelry was missing. The apartment manager was informed of the missing jewelry on Wednesday morning. The next day some of Brannon's missing jewelry was returned to her by two San Antonio policemen. Included in the jewelry returned was the pendant and a gold bracelet.

J.R. Mason of Gold Unlimited, a concern dealing in the sale of gold items, testified that on the afternoon of Friday, May 25, 1984, appellant came to his store with some jewelry, later identified as Brannon's, intending to sell the items.

Appellant was paid $200.00 for the diamond pendant and the gold bracelet. Other items of jewelry taken from Brannon's apartment were later purchased by Mason from a Hispanic woman identified as Celestino.

Jana Maniscalco, an assistant manager at Thorpe's Village apartments, testified that on Friday, the 25th day of May, 1984, appellant informed her that he was going to do repair work on the faucet in apartment 311, Brannon's apartment. He claimed to have permission from Pierson to do minor work orders. Maniscalco was aware that appellant was employed as a porter or maintenance man only. Pierson, the apartment manager, stated that she had not given appellant permission to perform maintenance work inside any of the apartments.

Two other maintenance workers responsible for all repairs inside the apartments testified that they had not entered Brannon's apartment on the day in question.

Ronald Seder, appellant's maintenance supervisor testified that he recalled seeing a white copy of a work order for apartment 311 signed by appellant indicating that ap-

**1.** The following Monday was the third day of a    long Memorial Day weekend.

pellant had performed repair work in Brannon's apartment on the day in question.

Brannon denied giving appellant permission to take the jewelry. Appellant did not testify and offered no defensive evidence.

Every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Crim.App.1977).

■ A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the accused. This is so because if the evidence supports an inference other than the guilt of the appellant a finding of guilt beyond a reasonable doubt is not a rational finding. *Denby v. State, supra.* Proof that amounts only to a strong suspicion or mere probability is insufficient. *Sinor v. State,* 612 S.W.2d 591, (Tex.Crim.App. 1981).

■ Appellant argues that the state failed to exclude every reasonable hypothesis except that of his guilt. It is argued that a failure to do so presents only evidence of a strong suspicion of guilt and a mere probability that appellant committed the offense.

The hypothesis brought forward revolves around evidence that appellant did not have exclusive access to the apartment keys kept in the manager's office. While it was not disputed that others aside from appellant might have had access to the keys it was nonetheless shown that these other persons did not enter Brannon's apartment on the day in question. Moreover, the circumstances point to appellant as being the sole person entering the apartment on that particular day.

Each circumstance need not establish guilt. It is sufficient that the circumstances as proved be consistent with each other and that when taken together they point in the direction of guilt. *Nathan v. State,* 611 S.W.2d 69 (Tex.Crim.App.1981).

We hold that appellant's hypothesis is not a reasonable one when assayed against all the inculpatory circumstances raised by the evidence. This court is not at liberty to treat such inculpatory circumstances as anything other than what they are. Thus, we may inquire if there is a reasonable hypothesis other than guilt only if it accounts for such inculpatory circumstances. *Allen v. State,* 651 S.W.2d 267 (Tex.Crim. App.1983) (en banc).

Any hypothesis that fails to account for the inculpatory circumstances cannot be a reasonable one. We find the evidence sufficient to support a conviction for theft. Appellant's first and second points of error are overruled.

■ In his third point of error appellant contends that the evidence is insufficient to prove the value as alleged in the indictment. Appellant points to testimony of Mason of Gold Unlimited wherein he testified that he purchased the stolen items for $200.00. It is argued that evidence of the purchase price established the fair market value. The value of stolen property is defined as "the fair market value of the property or service at the time and place of the offense." TEX.PENAL CODE ANN. § 31.08(a)(1) (Vernon 1974).

Brannon testified that after recovering her stolen jewelry she obtained two appraisals on the items. Based on those appraisals she formed the opinion that the two pieces of jewelry were valued at $1,425.00.

Roger Reiner, a certified gemologist testified that he had appraised the gold bracelet and diamond pendant at between $1,425.00 and $1,500.00.

In the instant case the trier of fact was presented with choices as to the fair market value of the items in question. So long as there was evidence that the value of the items was in excess of $750.00 this court is not in a position to hold that the evidence was insufficient for the jury to make such a finding. *Oliver v. State,* 613 S.W.2d 270 (Tex.Crim.App.1981) (on motion for rehearing en banc); *Cantu v. State,* 625 S.W.2d 56 (Tex.App.—San Antonio 1981, no pet).

When we view the evidence in the light most favorable to the verdict, as we must, we are bound to conclude that the jury rejected the testimony placing the value at $200.00 as they had a right to do. Appellant's third point of error is overruled.

Appellant's fourth and final point of error alleges that the trial court erred in improperly admitting evidence of his prior conviction at the punishment phase of the trial.

The punishment phase of the trial was tried without benefit of jury.

During the punishment phase, State's exhibit No. 8, a "pen packet" was admitted over objection that the signature of the Walker County Clerk was nothing more than a rubber stamp signature. The same objection was lodged to State's exhibit 9, another pen packet. Both objections were overruled.

On appeal argument is made that the exhibits were inadmissible because they did not comply with the requirements of Rules 803 and 901, Texas Rules of Evidence.

Rule 803 addresses hearsay exceptions while Rule 901 addresses the requirement of authentication or identification. Neither rule was invoked at the time appellant's objection was lodged and it is not shown on appeal how the rules are applicable to the only complaint made at that time. An allegation of error, raised at the appellate level, is not to be considered if it does not comport with the objection raised at trial. *Russell v. State*, 665 S.W.2d 771 (Tex.Crim.App.1983) (en banc). The contentions now urged are not before this court for review.

The only argument presented for review addresses the propriety of a rubber stamped signature on an attestation. No objection was made that the exhibits did not comprise true and correct copies of prison records in the custody of Texas Department of Correction officials nor that the signature was not the signature of the County Clerk or authorized by him. The only objection was to the use of a rubber stamp. The identical contention has been rejected in *Brooks v. State*, 599 S.W.2d 312 (Tex.Crim.App.1979) (en banc); *see also Huff v. State*, 560 S.W.2d 652 (Tex.Crim. App.1978); *Ex parte Spencer*, 171 Tex. Cr.R. 339, 349 S.W.2d 727 (1961). Appellant's fourth point of error is overruled.

The judgment of conviction is affirmed.