Robert Lee SANDERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–01086–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 18, 1991.
Rehearing Overruled Sept. 12, 1991.

Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Lester Blizzard, Kimbra Ogg, Asst. Harris County Dist. Attys., for appellee.

Before WARREN, HUGHES and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

A jury convicted appellant of theft by receiving stolen property in an amount greater than $750 but less than $20,000. Appellant pleaded true to two enhancement allegations in the indictment, and the court assessed punishment at 28 years confinement. We reverse and remand.

In his first point of error, appellant asserts that the trial court erred in overruling his motion for instructed verdict because the evidence was insufficient to show that the fair market value of the stolen property was greater than $750, an essential element of the State's proof.

The indictment alleged that the property in question, "one receiver, one turntable, one cassette player," was "of the value of over $750 and under $20,000." One application paragraph of the charge tracked the indictment; a second application paragraph charged on the lesser included offense of theft by receiving stolen property of a value of $200 or more but less than $750. The charge further instructed the jury that if they believed appellant to be guilty of one offense or the other, but had a reasonable doubt as to which, they should find him guilty of the lesser offense. Separate verdict forms were provided for the jury to find appellant guilty of the primary offense, guilty of the lesser included offense, or not guilty. The jury found appellant guilty of the primary offense, theft by receiving stolen property of a value over $750 and less than $20,000.

The value of stolen property is its fair market value at the time and place of the offense. TEX.PENAL CODE ANN. § 31.-08(a)(1) (Vernon 1989). "Value" is defined as market value, that is, the amount of money the property in question would have sold for in cash, given a reasonable time for selling it. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex.Crim.App.1991); *McNiel v. State*, 757 S.W.2d 129, 132 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd). When the owner testifies, the presumption is that he is testifying to an estimation of the fair

market value. *See Scott v. State*, 741 S.W.2d 435, 437 (Tex.Crim.App.1987); *Trammell v. State*, 511 S.W.2d 951, 954 (Tex.Crim.App.1974).[1] The Texas Court of Criminal Appeals has held that:

> When the owner of the property is testifying as to the value of the property, he or she may testify as to his or her opinion or estimate of the value of the property in general and commonly understood terms. The testimony of this nature is an offer of the witness' best knowledge of the value of his property. Such testimony will constitute sufficient evidence for the trier of fact to make a determination as to value based on the witness' credibility. This is true even in the absence of a specific statement as to "market value" or "replacement value."

*Sullivan v. State*, 701 S.W.2d 905, 909 (Tex.Crim.App.1986).

 A challenge to the ruling on a motion for instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim. App.1990). In reviewing the sufficiency of the evidence, this Court must consider all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.; Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). If the evidence is sufficient to sustain the conviction, then the trial judge did not err in overruling the motion for instructed verdict. *Madden*, 799 S.W.2d at 686; *Kuykendahl v. State*, 609 S.W.2d 791, 794 (Tex. Crim.App. [Panel Op.] 1980). The record provides the following testimony regarding the value of the stolen property:

> [Prosecutor]: And *were you the owner on May 22nd, 1989* of that property, one receiver, one turntable and one cassette player?
>
> [Complainant]: Yes, *I was*.
>
> Q. And also, real briefly, what *was* the value of the stereo Technics receiver?

A. I would say around $400.

Q. What about the Teac dual cassette recorder?

A. Maybe around three, three forty.

Q. $340?

A. Right.

Q. Or $300?

A. About $340.

Q. All right. And what about the Panasonic turntable?

A. About $300.

Q. Okay. Do you know whether that total is greater than the value of those items *was* $750 or more?

A. I believe so.

Q. Can you testify, in fact, the value *was* more than $750?

A. Yes, it is.

Q. And is it less than $20,000?

A. Yes, *it was*.

(Emphasis added).

The complainant/owner's quoted testimony is his opinion or estimate of the value of the stolen property, in general and commonly understood terms, as approved in *Sullivan*.

Appellant argues that complainant's testimony would be sufficient to support the conviction if the prosecutor, in her questions, had tied the valuation to the time of the offense, but that she did not. We disagree. As shown in the quoted colloquy, the prosecutor introduced the line of questioning with a reference to May 22, 1989, the date of the offense. In the context of the prosecutor's questions, the complainant's answers as to what the value "was" referred to the initially stated date, May 22, 1989. Viewed in the light most favorable to the jury verdict, the complainant's testimony constitutes evidence of value on May 22, 1989, that the jury could have believed in reaching its verdict.

On cross-examination, the complainant was asked if he knew the fair market value of the property on the date of the offense; he testified that he did not. Appellant argues that "[h]ad the complainant respond-

1. Replacement value is to be used only when market value is not ascertainable. Tex.Penal

Code Ann. § 31.08(a)(2) (Vernon 1989).

ed [to his cross-examination question] with any figure over the jurisdictional amount of $750, the trier of fact could have reasonably concluded that his testimony in this regard was credible in the absence of evidence to the contrary." To support this proposition, appellant relies on *Logan v. State*, 720 S.W.2d 669 (Tex.App.—San Antonio 1986, no pet.). However, in *Logan*, the court held that "[s]o long as there was evidence that the value of the items was in excess of $750, this court is not in a position to hold that the evidence is insufficient for the jury to make such a finding." 720 S.W.2d at 671. Here, complainant's direct testimony was such evidence. To rebut an owner's opinion evidence of fair market value, the appellant "must do more than merely impeach the witness' credibility during cross-examination. He must offer controverting evidence as to the value of the property." *Sullivan*, 701 S.W.2d at 909. Viewed in a light most favorable to the jury's verdict, there is sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that the value of the stolen property was over $750 and less than $20,000. Therefore, the trial court did not err in overruling appellant's motion for instructed verdict.

Appellant's first point of error is overruled.

█ In his second point of error, appellant asserts the trial court erred in charging the jury, over his objection, on the replacement cost value of stolen property. The portion of the charge appellant complains of is as follows:

> You are instructed the value of personal property is:
> (1) the fair market value of the property or service at the time and place of the offense; or
> (2) *if the fair market value of the property cannot be ascertained,* the cost of replacing the property within a reasonable time after the theft.

(Emphasis added). Appellant argues there was no evidence adduced to warrant the submission to the jury of an instruction defining replacement cost value, and the submission was, therefore, harmful error.

It is undisputed that the State produced no evidence of the replacement cost of the property in question to warrant the submission to the jury of the replacement cost definition of "value of personal property." TEX.PENAL CODE ANN. § 31.08(a)(2). It is also undisputed that appellant's counsel made a timely and correct objection to the submission. TEX.CODE CRIM.P.ANN. art. 36.15 (Vernon Supp.1991).

█ A trial court commits error when it charges a jury on a theory of conviction that is not supported by the evidence. *Stanley v. State*, 625 S.W.2d 320, 321 (Tex. Crim.App.1981) (error to charge jury on issue of defendant provoking the difficulty where evidence failed to raise issue); *Jackson v. State*, 576 S.W.2d 88, 90 (Tex.Crim. App.1979) (error to authorize jury to convict on a theory not supported by the evidence). Portions of a statute which cannot be relied upon for conviction should not be included in the abstract portion of the court's charge. *Boston v. State*, 642 S.W.2d 799, 802 (Tex.Crim.App.1982). "This practice at best is useless and at worst may confuse and mislead the jury and, therefore, prejudice a defendant." *Dowden v. State*, 537 S.W.2d 5, 7 (Tex. Crim.App.1976).

█ Although the trial court erred in submitting, as part of its instruction, the definition about which there was no evidence, and although the error was properly preserved by appellant's counsel's objection, reversal is nevertheless required only if some harm to the accused is shown to have resulted from the error. *Gibson v. State*, 726 S.W.2d 129, 132 (Tex.Crim.App. 1987); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). In undertaking a harm analysis, the factors for this Court to consider include the charge as a whole, the state of the evidence, argument of counsel, and any other relevant information revealed by examination of the entire record. *Almanza*, 686 S.W.2d at 171.

█ At the close of the evidence, the record reflects that the judge, prosecutor, and defense counsel all understood the significant contested issue was not guilt but

degree of offense. The State's evidence, both as to guilt and value of the property, was uncontradicted; the defense rested without presenting evidence. However, appellant sought diligently, by cross-examination of the complainant (the only witness to the value of the goods), to minimize the weight and credibility of his testimony regarding value, and to infer that the value was realistically less than $750. On cross-examination, appellant's counsel elicited from the complainant that he had purchased the three items of property over a period from two years to 18 months before the theft; that he valued the items collectively at approximately $1,040; that he based this opinion on the retail prices he paid for the items at the various times he bought them, and on his estimate that the property was in "good shape" when it was stolen; that he paid cash for the items and had no receipts; that he bought the items at Foley's or Highlands Superstore or "some place like that," although he did not remember where; and that he did not know the fair market value of any of the items on the date of the theft, May 22, 1989.

During argument on appellant's motion for a directed verdict, and after referring to TEX.PENAL CODE ANN. § 31.08, the trial judge noted that he had heard no evidence of "the cost of replacing the property within a reasonable time after the theft." The prosecutor responded that the State had made its *prima facie* case by proof of fair market value based on what the owner testified he paid for the property a short time before the theft. While the trial court correctly overruled appellant's motion for directed verdict, the record nevertheless shows that the trial court and the prosecutor were both aware that the State's case was based solely on the owner's estimate of the fair market value, *Scott*, 741 S.W.2d at 437, with no evidence of replacement value under art. 31.08(a)(2).

Before closing arguments, appellant's counsel moved in limine that the State be instructed not to inform the jury of the result of their verdict if they found appellant guilty of the lesser offense of theft of more than $250 and less than $750, and the State agreed not to do so. In a preargu-

ment bench conference, the trial judge summarized all parties' understanding as to the significant issue: "I have no doubt, the defense will be pushing for the lesser [value range] and you [the prosecutor] will be pushing for the higher ..."

Consistently, the prosecutor stated in opening argument that she expected defense counsel's argument to be:

only that the value he's going to argue to you was less than $750. I don't belittle that argument and I intend to clearly rebut it when I stand back up. On the other hand, I don't want you to fall for the smoke screen and I don't want you to get lost in detail that the evidence has clearly proven that property was the value of over $750.

In concluding her opening argument, the prosecutor asked the jury to find appellant guilty of theft "by receiving stolen property of the value of over $750 and under $20,000 as charged in the indictment ... *not the other offense that is included in here.*" (Emphasis added).

Appellant's counsel, during argument, reviewed the court's charge instructions and stated:

[The judge] says you are instructed that the value of personal property—and I guess the personal property we're talking about is the receiver, the turntable, as well as the cassette—you are instructed that the value of personal property is the fair market value of the property or services at the time and place of the offense. We're talking about May the 22nd of 1989. That's what we're talking about, the value of the property at that time.

[The prosecutor]: I have to object. That's not the complete definition of value. The option of completeness. If he's going to read a paragraph of it, read all of it.

[The Court]: The objection is overruled. You have the opportunity in closing.

[Prosecutor]: Thank you, sir.

[Appellant's attorney]: The judge read you two definitions of value. I will explain why I don't believe the second defi-

nition applies at all. I will get to No. 2, but back to—you are instructed that the value of personal property is the fair market value of the property or services at the time and place of the offense. Appellant's counsel continued with argument that he had heard no testimony of value of the property on the date of the offense.

In her closing argument, the prosecutor stated:

> [I]f for some reason you have a doubt about the fair market value, the second part of that definition says if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft is the value. That's the part of the definition I was objecting to him not reading to you because that clearly removes any doubt, and I would submit that's why he didn't tell you about it.
>
> If the man paid over $750 a year and a half prior to the theft, you can bet your bottom dollar that it's going to cost you more today to replace the property or more later on in the months after it was stolen. That's common sense, and we talked about common sense. You swore to me that you wouldn't leave it at home, that you wouldn't get hung on technicalities. That you would return a true verdict.
>
> And like I said, I'm not belittling the argument. It's probably the only thing he had to go for. That's what he went for and the man is not guilty of the lesser offense. He's guilty of the offense that we charged him with....

In urging the jury to convict on the greater of the two offenses charged, the prosecutor affirmatively relied upon the erroneous replacement value definition which was not supported by the evidence. Further, in suggesting to the jurors that they "bet their bottom dollar that it's going to cost ... more to replace the property," the prosecutor invited the jury to speculate as to replacement values in order to convict of the greater offense.

"[J]ury argument can be relevant in determining whether a jury was being misled by a misstatement of the law, thus causing harm to the defendant." *Arline v. State,* 721 S.W.2d 348, 353, n. 8 (Tex.Crim.App. 1986). The trial court's error—charging the jury on a theory of value that had no evidentiary basis—became harmful to appellant when the prosecutor wrongly informed the jury that the erroneous portion of the charge "clearly remove[d] any doubt" about appellant's guilt of the greater offense. In the absence of the error, a different result could easily have occurred. *Lopez v. State,* 779 S.W.2d 411, 417 (Tex. Crim.App.1989); *Hayes v. State,* 728 S.W.2d 804, 810 (Tex.Crim.App.1987). We find that appellant was clearly harmed by this charging error, which was wrongly argued—indeed, highlighted—and relied upon by the State.

Because the judgment can be upheld only if the record reflects that appellant suffered no harm as a result of the trial court's charging error, *Hayes,* 728 S.W.2d at 810, and because appellant was harmed, we sustain his second point of error.

The judgment is reversed and the cause is remanded to the trial court.

Justice JAMES F. WARREN died after submission of the cause and did not participate in the panel's decision.