TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00331-CR







Justin Cornell Nickerson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0934514, HONORABLE MIKE LYNCH, JUDGE PRESIDING








 This appeal is taken from a conviction for theft of property of the value of more
than $750 but less than $20,000, a third degree felony at the time of the commission of the offense
on June 29, 1993. (1) After the jury found appellant guilty, the trial court assessed punishment at
five years' imprisonment and a fine of $500. The imposition of the sentence was suspended and
appellant was placed under community supervision subject to certain conditions.

 Appellant advances a single point of error. He challenges the legal sufficiency of
the jury's verdict claiming that the State "wholly failed to introduce evidence to establish the value
of the four microprocessors (2) involved in the alleged theft." The thrust of appellant's argument
is that the nonowner expert who testified as to the fair market value of the stolen computer chips
acknowledged that he had not seen the chips, had not tested them, and could not testify that they
were functional.

 The record reflects that appellant was employed by Dell Computer Corporation in
April 1993. He was assigned to work in the Reliability Test Lab which was "set up to do
environmental type testing on computers and related products." John Parker was the manager of
the test lab and appellant's supervisor. (3) In response to the previous theft of computer chips from
the lab in May 1993, Parker and Dell security personnel decided to install a hidden camera aimed
at a cabinet from which the chips had been taken in order to determine who was stealing the chips. 
The first attempt to identify a suspect failed due to a lighting problem and seven more chips were
taken. A new light was installed and Parker placed four "new" computer chips which had just
arrived from the manufacturer into a carrier and placed the carrier in the cabinet. Inside the
carrier, Parker placed a note ordering that the computer chips therein were not to be removed
from the cabinet. Parker identified the four chips as one Intel Brand 486DX2-50 and three Intel
Brand 486DX-50. He copied each computer chip or processor's description, family speed, and
manufacturing lot number.

 The videotape from the hidden camera clearly showed appellant removing the
carrier with the four chips from the cabinet. Appellant in his direct examination admitted that he
had removed the chips from the cabinet and acknowledged that he seen Parker's "Do Not
Remove" note or sign. Appellant stated that he removed the chips to use them in a test he was
conducting but that they disappeared from his work station before he had an opportunity to use
them. The chips were never recovered.

 Reginald Major, a senior buyer at Dell Computer Corporation for the purchase of
memory chips and microprocessors (computer chips), was called by the State to testify as to the
value of the chips stolen. Major had been employed at Dell since June 1991, managing the buying
of microprocessors and supervising the inventories. He had twelve years of experience in the
field in addition to training and knew the fair market value of the computer chips that Dell
purchased. He explained that Dell regularly purchased Intel 486DX-50 and 486DX2-50 computer
chips. In his expert opinion, each new Intel 486DX2-50 had a fair market value of $450 on June
24, 1993, and the one new Intel 486DX-50 had a fair market value on that date of $550. He also
testified that within a short period of time after they were taken, the replacement cost of the
486DX2-50 chip would be $375 each and the cost of the 486DX-50 chip would be $457 plus
administrative and shipping costs. 

 On cross-examination, Major stated that he had not personally seen the four chips
used in the "sting," that he had not personally tested the chips, that he did not personally know
whether the chips had been used or were functioning chips, and that a non-functioning chip would
have no value. The record then reflects:



Q [by defense counsel]:  Okay. So isn't it fair to say, Mr. Majors [sic.] that
because you don't know which four chips were used or whether they were
functioning you have no personal knowledge as to the value of the four chips
involved in this prosecution?


A: I know the value of the processors.


Q: That's a "Yes" or "No" question, Mr. Majors [sic.]. Do you have any
personal knowledge as to the value of the chips used in this prosecution.


A: No.


Appellant did not seek to have Major's testimony withdrawn or to have the jury instructed to
disregard the witness's opinion of value. He did move for an instructed verdict which motion was
denied.

 On appeal, it is contended that the prosecution failed to prove the element of value
as alleged in the indictment. The standard for reviewing the legal sufficiency of the evidence is
whether, viewing the evidence in the light most favorably to the jury's verdict, any rational trier
of fact could have found beyond a reasonable doubt the essential elements of the offense charged. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Villalon v. State, 791 S.W.2d 130, 132 (Tex.
Crim. App. 1990). The standard of review is the same in both direct and circumstantial evidence
cases. Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990); see also Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991). It is not the reviewing court's duty to disregard,
realign or weigh the evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given
their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Saxton v. State, 804
S.W.2d 910, 914 (Tex. Crim. App. 1991). The jury is free to accept or reject any or all of the
evidence presented by either party. Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App.
1987). Reconciliation of evidentiary conflicts is solely a function of the trier of fact. Bowden v.
State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).

 Value is defined as "the fair market value of the property or service at the time and
place of the offense." Tex. Penal Code Ann. art. 31.08(a)(1) (West 1994). "Fair market value"
is not statutorily defined, but it has been held to be the amount the property would sell for in cash,
giving a reasonable time for selling it. Keeton v. State, 803 S.W.2d 304, 305 (Tex. Crim. App.
1991); see also Senters v. State, 291 S.W.2d 739, 740 (Tex. Crim. App. 1956); Pichon v. State,
756 S.W.2d 16, 19 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd). Methods of proving fair
market value have varied from showing retail price or sale price, see Speights v. State, 499
S.W.2d 119, 122 (Tex. Crim. App. 1973), to admitting testimony of an owner's opinion of value
or a nonowner's "expert" opinion of value, see Sullivan v. State, 701 S.W.2d 905, 908 (Tex.
Crim. App. 1986). No one method has ever been held exclusive. Use of various methods to
show fair market value is certainly due to the necessity for flexibility because of the various
circumstances of theft that arise. Keeton, 803 S.W.2d at 305.

 A nonowner who testifies regarding the value of stolen property must be qualified
as to his knowledge of the value of the property and must give testimony explicitly as to the fair
market value. Sullivan, 701 S.W.2d at 909. In the case sub judice, Major was shown to be an
"expert" witness as to value by virtue of his training and years of experience. See Tex. R. Crim.
Evid. 702, 703. He had personal knowledge of the value of the type of the new computer chips
involved and the evidence of the fair market value of each chip was established by his testimony
on direct examination, showing a total value of more than $750 and less than $20,000. See
Pichon, 756 S.W.2d at 19-20. Major's testimony on cross-examination went to the weight to be
given his testimony and to his credibility as a witness, an issue for the jury, but it did not nullify
his earlier testimony of value, leaving no evidence of value in the record. Appellant concedes that
the "State proved the value of the chips generally, but failed to offer any evidence about the value
of the particular chips involved." Parker testified that the chips were new, having just been
received from the manufacturer, and having been retained in his custody until placed in the
carrier--the inference being that the chips had not been used. Appellant admitted taking the chips
from the carrier for the purpose of using them in a test he was to conduct--the inference being that
the chips appeared to be functional. Appellant was free to offer evidence that a certain percentage
of the type of chips involved received from the manufacturer were defective. This he did not do. 
Appellant has not cited any authority and we have found none which requires a nonowner expert
witness on value of property to have not only personal knowledge of the value of the type of items
stolen, but to have prior personal knowledge of the exact items taken, to have seen and examined
the items, and perhaps to have tested the items, even when they are not available at the time of
trial because of a defendant's actions. Appellant's cross-examination of Major was an attempt to
impeach his credibility as a witness, but it did not disqualify him as a witness on value or render
his earlier testimony unusable.

 The closest case in point seems to be Sanders v. State, 814 S.W.2d 784 (Tex.
App.--Houston [1st Dist.] 1991, no pet.). There, the witness testified that he was the owner of
certain items of property stolen on a certain date. He testified as to the value of each item and
agreed that the total value was over $750 and less than $20,000. On cross-examination, the owner
testified that he did not know the fair market value of the property on the date of the offense. On
appeal, the defendant claimed the evidence was insufficient as to the element of value. The
defendant relied upon Logan v. State, 720 S.W.2d 669 (Tex. App.--San Antonio 1986, no pet.). 
The Sanders court responded:



However, in Logan, the court held that "[s]o long as there was evidence that the
value of the items was in excess of $750, this court is not in a position to hold that
the evidence is insufficient for the jury to make such a finding." 720 S.W.2d at
671. Here, complainant's direct testimony was such evidence. To rebut an
owner's opinion evidence of fair market value, the appellant "must do more than
merely impeach the witness' credibility during cross-examination. He must offer
controverting evidence as to the value of the property." Sullivan, 701 S.W.2d at
909. Viewed in a light most favorable to the jury's verdict, there is sufficient
evidence from which a rational trier of fact could have found beyond a reasonable
doubt that the value of the stolen property was over $750 and less than $20,000. 
Therefore, the trial court did not err in overruling appellant's motion for instructed
verdict.


Sanders, 814 S.W.2d at 787.

 Appellant relies upon Scott v. State, 741 S.W.2d 435 (Tex. Crim. App. 1987), in
which the evidence was held insufficient in a theft case to show the value of the car to be in excess
of $750 at the time of the offense. The only evidence as to value was the owner's testimony that
after the recovery of the car he received $1000 as a "trade in" on another vehicle. The court
noted that the trade-in value can be and is often based on a different standard than cash value or
fair market value. Scott is clearly distinguishable from the instant case as are the other cases upon
which appellant relies. See Hilbish v. State, 485 S.W.2d 554 (Tex. Crim. App. 1972); Sweeney
v. State, 633 S.W.2d 254 (Tex. App.--Houston [14th Dist.] 1982, pet. ref'd).

 Viewing the evidence in the light most favorable to the jury's verdict, we conclude
that a rational trier of fact could have found beyond a reasonable doubt all the essential elements,
including value, as alleged in the offense charged. The point of error is overruled.

 The judgment in the trial court reflects that appellant waived trial by jury and
entered a guilty plea before the court to the indictment. This is in error. The judgment is
reformed to show that a plea of not guilty was entered before a jury and reformed to show the
jury's verdict.

 As reformed, the judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Reformed and, as Reformed, Affirmed

Filed: January 10, 1996

Do Not Publish








* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   Act of May 23, 1991, 72d Leg., R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2603 (former
section 31.03(e)(4)(A) of the Texas Penal Code).
2.   The indictment alleged the theft of "computer chips." The State notes that the
statement of facts uses the terms "computer chips," "microprocessors," and "processors"
interchangeably.
3.   Parker was alleged as the "owner" of the computer chips in the indictment. When a
corporation is the owner of property that has been stolen, it is preferable pleading practice
to allege "special" ownership in a natural person acting for the corporation. Simpson v. State,
648 S.W.2d 1, 2 (Tex. Crim. App. 1983). "It is obvious that a corporation cannot testify or give
direct testimony of lack of consent." Wells v. State, 608 S.W.2d 200, 202 (Tex. Crim. App.
1980).


:



However, in Logan, the court held that "[s]o long as there was evidence that the
value of the items was in excess of $750, this court is not in a position to hold that
the evidence is insufficient for the jury to make such a finding." 720 S.W.2d at
671. Here, complainant's direct testimony was such evidence. To rebut an
owner's opinion evidence of fair market value, the appellant "must do more than
merely impeach the witness' credibility during cross-examination. He must offer
controverting evidence as to the value of the property." Sullivan, 701 S.W.2d at
909. Viewed in a light most favorable to the jury's verdict, there is sufficient
evidence from which a rational trier of fact could have found beyond a reasonable
doubt that the value of the stolen property was over $750 and less than $20,000. 
Therefore, the trial court did not err in overruling appellant's motion for instructed
verdict.


Sanders, 814 S.W.2d at 787.

 Appellant relies upon Scott v. State, 741 S.W.2d 435 (Tex. Crim. App. 1987), in
which the evidence was held insufficient in a theft case to show the value of the car to be in excess
of $750 at the time of the offense. The only evidence as to value was the owner's testimony that
after the recovery of the car he received $1000 as a "trade in" on another vehicle. The court
noted that the trade-in value can be and is often based on a different standard than cash value or
fair market value. Scott is clearly distinguishable from the instant case as are the other cases upon
which appellant relies. See Hilbish v. State, 485 S.W.2d 554 (Tex. Crim. App. 1972); Sweeney
v. State, 633 S.W.2d 254 (Tex. App.--Houston [14th Dist.] 1982, pet. ref'd).