James Thomas **VICKERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44200.

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

———◆———

Smith E. Gilley, Greenville, for appellant.

Larry Miller, Dist. Atty., Greenville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

The appellant was convicted on January 26, 1970, for the offense of burglary with intent to commit theft. His punishment was assessed at five years, probated. On April 20, 1970, a motion to revoke probation was filed. It was alleged that the appellant violated the condition of his probation that (1) he should not commit any offense against this or any other state or of the United States in that he

"1. On or about March 15, 1970, James Thomas Vickers did commit an aggravated assault upon the person of Elgin A. Morrow whereby through the use of his fist he did strike, wound and bruise Elgin A. Morrow, thereby inflicting serious bodily injury; and

"2. On or about March 24, 1970, James Thomas Vickers did commit an aggravated assault upon the person of Dan Curtis, a police officer, whereby through the use of his fist he did strike, wound and bruise Dan Curtis, thereby inflicting serious bodily injury; and

"3. On or about March 24, 1970, James Thomas Vickers did use abusive language in a public place; and

"4. On or about March 24, 1970, after James Thomas Vickers had been advised he was under arrest by Policemen Dan Curtis and Jack Ransom and that a lawful warrant for his arrest did exist, James Thomas Vickers proceeded to resist the lawful arrest."

At the hearing, Elgin A. Morrow testified that the appellant was married to his daughter. The appellant came to their house and stated that Mrs. Morrow had been meddling in his business and that he was tired of it. Morrow denied this and testified that "[h]e (appellant) hauled off and hit me in the corner of the left eye." Three stitches were necessary to sew it up and at the time of the hearing a month later Morrow still felt the effects of the

blow. He testified that it was a serious bodily injury. The appellant testified that he did not hit Morrow with his fist until after Morrow pulled a knife from his pocket.

Dan Curtis of the Greenville Police Department testified that on March 24, 1970, he and Jack Ransom, another policeman, saw the appellant, told him that they had a warrant, and told him he was under arrest for simple assault. The appellant jerked away from Officer Curtis and hit him on the chest. A scuffle followed. The appellant tried to get away from Officer Ransom.

The appellant testified that Officer Curtis told him that he had a warrant but never did show it, and that they got into a fight and another police car came up. He was then handcuffed.

Officer Ransom testified that while they were making the arrest the appellant was cursing the officers and hit him (Ransom) in the mouth.

The court in the order revoking probation found the appellant had violated the condition of his probation that he would commit no offense against the law as follows:

"1. On or about March 15, 1970, James Thomas Vickers did commit an aggravated assault upon the person of Elgin A. Morrow whereby through the use of his fist he did strike, wound and bruise Elgin A. Morrow, thereby inflicting serious bodily injury; and

"2. On or about March 24, 1970, James Thomas Vickers did commit an aggravated assault upon the person of Dan Curtis, a police officer, * * * * "

The appellant contends that no aggravated assault upon Morrow was proved. Even if this be true, no abuse of discretion would be shown. There was sufficient evidence for the trial court to conclude that the lesser offense of simple assault was proved. This would be sufficient to show a violation of the law and to revoke probation. See Barnes v. State, Tex.Cr. App., 467 S.W.2d 437.

The proof also shows that the appellant committed an aggravated assault upon Dan Curtis, a police officer.

We conclude that no abuse of discretion, the only issue before this court, has been shown.

The order revoking probation is affirmed.