**Freddie J. HILBISH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45781.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Thomas V. Priolo, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and F. G. Shackelford, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a revocation of probation.

Appellant was convicted of robbery on November 14, 1969, assessed a five (5) year sentence and placed on probation. Among the conditions of probation was a provision that he not violate the law.

The petition for revocation of probation alleged that he violated the law in that he stole "a motorcycle of the value of over $50.00".

Appellant first contends the evidence does not establish that the value of the motorcycle was over $50.

The record reflects that the owner of the motorcycle testified that it was approximately five months old and that it was priced at $229. A photograph of the machine, which depicts a "mini-bike" apparently in working order, was introduced into evidence. Amarillo Police Officer Charles Peters testified that he was famil-

iar with the value of motorcycles in Potter County on the date the vehicle was taken and that its value was between $175 and $250. This, we have concluded, is sufficient to show that the same was of the value of over $50. Further, at a revocation of probation proceeding, it is not necessary to prove the value of the stolen item is over $50. The fact that it has some value and was taken by the probationer in violation of a condition of his probation controls. Foote v. State, Tex.Cr.App., 463 S. W.2d 445; Barnes v. State, Tex.Cr.App., 467 S.W.2d 437.

■ Appellant next contends the evidence is insufficient to support the revocation since it is based on the testimony of an accomplice. Appellant's co-conspirator, Warton, testified that the appellant participated with him in the theft of the minibike. In a review of probation proceeding the testimony of an accomplice is sufficient to authorize the trial court to revoke probation. Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165.

Further, appellant, testifying in his own behalf, admitted on cross examination that he participated in the theft by driving the "get away car" and answered the following question in the affirmative:

"Q And then you took the car over there for him to load it up in the car?"

■ Appellant next contends, without discussion or authority, that Art. 42.12, Vernon's Ann.C.C.P., the Adult Probation Statute, is unconstitutional because it does not permit trial by jury, does not provide for bail pending revocation and sanctions incarceration for a crime not based on an indictment. Initially we note the appellant did not properly preserve these contentions for review. He did not request a trial by jury or bail pending revocation. Further, his contentions have been answered adversely to him in Hulsey v. State, Tex.Cr. App., 447 S.W.2d 165; Ex parte Jones,

Tex.Cr.App., 460 S.W.2d 428 and Manning v. State, Tex.Cr.App., 412 S.W.2d 656, respectively.

Finding no abuse of discretion, the judgment is affirmed.