**Edward B. SATCHFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–001 CR.**

Court of Appeals of Texas, Beaumont.

Aug. 28, 1985.

Tommy Gunn, Orange, for appellant.

Kerry M. Klintworth, Asst. County Atty., Orange, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appeal from revocation of probation proceeding. At a prior time the Appellant entered a plea of guilty to attempted burglary. He was assessed a ten-year probated sentence. The State filed its application to revoke probation alleging that the Appellant had committed theft of a pair of boots of the value of over $200.00 but less than $10,000.00. The Appellant pleaded "not true".

Proper notice having been given, the Appellant appeared with counsel of his own selection for a hearing on the motion to revoke his probation. The Court heard evidence from several witnesses. The Court found that the Appellant had committed theft of one pair of boots having a value of over $20.00 but less than $200.00. Appellant was sentenced to 8 years confinement in the Texas Department of Corrections.

The Appellant contends that the State did not prove, by a preponderance of the evidence, that he intentionally committed theft of one pair of boots and that his probation was revoked unlawfully because the evidence at the hearing varied from the allegations contained in the State's Motion to Revoke. A condition of the probation was that the Appellant shall "[c]ommit no offense against the laws of Texas, any other State, the United States, any other governmental entity." The motion further alleged that this condition had been violated alleging that on September 5, 1983, the Appellant did unlawfully acquire and exercise control over property, being one pair of boots of the value of $200.00 or more

but less than $10,000.00, from Linda Duke without her effective consent. The trial court found that the Appellant had violated condition "(a)" by committing theft of a pair of boots valued at between $20.00 and $200.00.

Upon a review of the Statement of Facts, we discern that certain phases of the evidence were in conflict. The State called as a witness one of the sales personnel of Danor's, a discount department store located in Orange County. The head of security of Danor's was also called. We have carefully read the evidence of Darlene Bray who was working as a sales clerk for Danor's on September 5, 1983. She testified in some detail how she observed the Appellant and a woman looking at a pair of boots, the Appellant having on a pair of old shoes at the time. Ms. Bray testified in some detail about her further actual observations.

The security chief was one Linda Duke. We have reviewed her testimony. Duke swore that she observed the Appellant go through the check-out line and that the Appellant did not pay for the boots he was wearing. The Appellant testified he simply forgot to pay for the boots. We have also carefully read the testimony of the Appellant and Martha Jane Satchfield.

We deem it settled law that, in a hearing on the revocation of a probated sentence, the trial judge is the exclusive finder of the facts. It is his duty to weigh the evidence of the witnesses and to judge their credibility. He has the discretion to accept or reject all or any part of the testimony of a witness. *Parsons v. State,* 486 S.W.2d 313 (Tex.Crim.App.1972); *Calhoun v. State,* 486 S.W.2d 302 (Tex.Crim. App.1972). The trial court, within its proper discretion, can disbelieve the Appellant's version of the events. *See O'Leary v. State,* 494 S.W.2d 841 (Tex.Crim.App.1973). We perceive that the trial court decided to disbelieve the Appellant and to not accept his explanation of his failing to pay for the merchandise. We further find that the evidence presented by the State's witnesses was sufficient to prove by a preponderance

of the evidence that the Appellant committed a theft. The trial court did not abuse its discretion in this regard. We overrule Appellant's first ground of error.

■ It is true that the State's allegation as to the value of the boots was different from the value as established at the hearing. The Appellant argues that this difference is a variance of a fatal nature.

The State counters this argument by contending that the motion alleged felony theft. Further, the court properly found Appellant had committed a lesser included offense; namely, misdemeanor theft. *TEX.CODE CRIM.PROC.ANN. art. 37.09* (Vernon 1981).

The State argues:

"As long as the offense found to have been committed, is factually and legally a lesser included offense of the one alleged, the Court of Criminal Appeals has upheld the revocation of probation."

In *Ferguson v. State,* 634 S.W.2d 306 (Tex.Crim.App.1982), the court held that the trial court did not abuse its discretion in a logically similar situation. The court wrote, at page 310:

"The general finding made by the court in its order revoking probation is that appellant violated condition (a) that he commit no offense against the laws of this state et cetera. The evidence preponderates in support of that finding though it does not show appellant committed criminal trespass *of a habitation,* as a lesser included offense of attempted burglary. The evidence will support a conclusion that appellant committed criminal trespass on property of another, as lower lesser included offense of attempted burglary...."

In *Terry v. State,* 468 S.W.2d 849 (Tex. Crim.App.1971), the court held that the trial judge is the exclusive finder of the facts in these types of proceedings and there was no abuse of discretion in the revocation of probation where the defendant violated a term or condition of his probation to the effect that he commit no offense against the laws of the state when the state showed the defendant had committed aggravated assault which was held to be a lesser included offense within assault with intent to murder with malice.

The state had alleged in its motion to revoke that Terry, with malice aforethought, made an assault with intent to murder George D. Hicks. Upon the completion of the full hearing, the trial court found that the appellant had violated the conditions of his probation on the grounds that he, Terry, had committed an aggravated assault upon George D. Hicks, " 'which was a lesser and included offense to that alleged in the motion to revoke of assault with intent to murder with malice.' " *See Vickers v. State,* 472 S.W.2d 144 (Tex.Crim. App.1971).

In *Vickers, supra,* the defendant was, by motion to revoke, charged with aggravated assault. He contended that no aggravated assault was proven. The court wrote, at page 145:

"Even if this be true, no abuse of discretion would be shown. There was sufficient evidence for the trial court to conclude that the lesser offense of simple assault was proved. This would be sufficient to show a violation of the law and to revoke probation. See *Barnes v. State,* Tex.Cr.App. 467 S.W.2d 437.

....

"We conclude that no abuse of discretion, the only issue before this court, has been shown."

We perceive that *Hilbish v. State,* 485 S.W.2d 554 (Tex.Crim.App.1972), is a persuasive, parallel case to the case at bar. In *Hilbish, supra,* the motion alleged that the probationer had violated the law in that he stole a motorcycle of over $50.00 in value. The probationer, Hilbish, contended that the evidence did not establish that the value of the motorcycle was over $50.00. A police officer at the hearing testified that he was familiar with the values of motorcycles in Potter County on the date in question and, in substance, he testified that the value was in excess of $50.00. We quote from *Hilbish, supra,* at page 555:

"Further, at a revocation of probation proceeding, it is not necessary to prove the value of the stolen item is over $50.00. *The fact that it has some value and was taken by the probationer in violation of a condition of his probation controls. Foote v. State,* Tex.Cr. App., 463 S.W.2d 445; *Barnes v. State,* Tex.Cr.App., 467 S.W.2d 437." (Emphasis added)

We agree with the State's arguments and contention. We find that the trial court did not abuse its discretion in revoking Appellant's probation. We affirm the judgment and sentence.

AFFIRMED.