**PRESBYTERIAN MEDICAL CENTER, et al., Appellants,**

**v.**

**TEXAS HEALTH FACILITIES COMMISSION, et al., Appellees.**

**No. 14382.**

Court of Appeals of Texas, Austin.

Oct. 2, 1985.

Rehearing Denied Nov. 6, 1985.

Robert I. Howell, Sharp & Morse, Austin, for Presbyterian Medical Center & Presbyterian Hosp. of Las Colinas.

Earl F. Hale, Jr., Carrington, Coleman, Sloman & Blumenthal, Dallas, for St. Paul Hosp., d/b/a St. Paul Hospital Northwest.

James W. Deatherage, Power, Deatherage, Weaver, Tharp & Blankenship, Irving, Phyllis B. Schunck, Wood, Lucksinger & Epstein, Austin, for Irving Hospital Authority d/b/a Irving Community Hospital.

Jim Mattox, Atty. Gen., George Warner, Asst. Atty. Gen., Austin, for Texas Health Facilities Comn.

Barry K. Green, Fulbright & Jaworski, Austin, for Pioneer Park Medical Center.

Dudley D. McCalla, Heath, Davis & McCalla, P.C., Austin, for Humana Hosp. Corp., Inc., d/b/a Humana Hosp. Irving.

Alexis J. Fuller, Jr., Davis & Davis, Austin, for First Texas Medical, Inc., d/b/a Lewisville Memorial Hosp.

C. Robert Heath, Ilse Bailey-Graham, Bickerstaff, Heath & Smiley, Austin, for NME Hospitals, Inc., d/b/a Lutheran Medical System of North Texas.

Before POWERS, EARL W. SMITH and CARROLL, JJ.

PER CURIAM.

In the present appeal, appellants, Presbyterian Medical Center and Presbyterian Hospital of Las Colinas, and St. Paul Hospital, d/b/a St. Paul Hospital Northwest, pray that we reverse a final order issued by the Texas Health Facilities Commission. The order adjudicates a contested case decided by the agency under the State Certificate of Need Program, a program established in Subchapter C of the Texas Health Planning and Development Act, Tex.Rev. Civ.Stat.Ann. art. 4418h, §§ 3.01—3.14 (Supp.1985). Appellants request as well that we remand the contested case to the agency. The agency and other appellees, Pioneer Park Medical Center, Inc., Humana Hospital Corp., Inc., d/b/a Humana Hospital Irving, First Texas Medical, Inc., d/b/a Lewisville Memorial Hospital, and NME Hospitals, Inc., d/b/a Lutheran Medical System of North Texas, contend the order is valid and oppose the relief requested by appellants.

While the appeal was pending, the provisions of Subchapters B and C expired and the agency was abolished, effective September 1, 1985, owing to their not having been continued in existence by the Legislature as provided in the Texas Sunset Act, Tex.Rev.Civ.Stat.Ann. art. 5429k (Supp. 1985). *See* Tex.Rev.Civ.Stat.Ann. art. 4418h, *supra*, § 2.01a.

Judicial review of the agency final order is governed by the provisions of the Texas Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat.Ann. art. 6252–13a, §§ 19, 20 (Supp.1985). In APTRA § 19(b)(3), it is provided that the order remains enforceable throughout the course of judicial review, for it is not an order reviewable by trial de novo. *See* Tex.Rev.Civ.Stat.Ann. art. 4418h, § 3.15 (1976). That is to say, the order is *presumed valid* until reversed on judicial review for any of the six errors specified in APTRA § 19(e). The district court has affirmed the agency order. In our own review, under APTRA § 20, we must affirm the agency order unless we find that "substantial rights of the appellants have been prejudiced" by reason of any of the six errors listed in APTRA § 19(e). If we determine such to have occurred, the sole remedy available to us is to "reverse or remand the case for further proceedings ..." We may, in short, only affirm the agency order or remand it to the agency for further proceedings (acknowledging, of course, that we may do so in whole or in part).

Should we affirm the agency order, our decision can add to it no extra validity or enforceability beyond what it already possesses by virtue of APTRA § 19(b)(3). Should we reverse the whole or any part of it, any attendant order of remand would be meaningless because no "further proceedings" can be conducted, owing to the fact that both the agency and the governing statutes have been abolished. The appeal appears therefore to be moot under the principles of *City of West University Place v. Martin*, 123 S.W.2d 638 (Tex.1939).

In response to our request for briefs on the issue of apparent mootness, it has been suggested that the Governor may implement a review program, similar to the State Certificate of Need Program, in order to "prevent the loss of federal funds," as provided in the Legislature's recent amendment of art. 4418h, *supra*. 1985 Tex.Sess. Law.Serv., ch. 931, art. 2, § 2 at 6754. May we not then remand the contested case to the Governor, after or in anticipation of any action by him in that regard? We may not. There is in the amendment no provision authorizing the Governor or other officials to conduct "further proceedings" by making re-determinations according to what the agency should have found or decided under the repealed statutes. Had the Legislature so wished, it could have made some provision for the remand of contested cases that awaited judicial review at the time the agency and the applicable statutes expired. It did not do so. Moreover, it has not been suggested to us that the Governor has established or intends to establish a review program of the kind mentioned above.

We conclude then that any judgment rendered in the present appeal will be meaningless, whatever our decision may be, and the appeal is therefore moot. Accordingly, we order the appeal dismissed, the costs being divided equally between appellants and appellees.