

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 4, 2007

The Honorable Homero Ramirez
Webb County Attorney
Post Office Box 420268
Laredo, Texas 78042-0268

Opinion No. GA-0535

Re: Whether the trustees of an independent school district must change the terms of office of trustees from three to four years to comply with a statute requiring school districts to conduct joint elections with other political subdivisions   (RQ-0538-GA)

Dear Mr. Ramirez:

You request an interpretation of certain Education Code provisions applicable to the board of trustees of an independent school district, in particular, the statute providing for the date of school trustee elections and the statute governing a board member's term of office.[1] Education Code section 11.059 establishes the terms of office for trustees of independent school districts, and section 11.0581 provides that an election for trustees is to be held jointly with either state and county officials or city officials. *See* TEX. EDUC. CODE ANN. §§ 11.0581 (Vernon Supp. 2006), 11.059 (Vernon 2006).

Section 11.059 of the Education Code was adopted in 1995[2] and provides as follows for trustees' terms of office:

> (a)   A trustee of an independent school district serves a term of three or four years.

> (b)   Elections for trustees with three-year terms shall be held annually.  The terms of one-third of the trustees, or as near to one-third as possible, expire each year.

> (c)   Elections for trustees with four-year terms shall be held biennially.  The terms of one-half of the trustees, or as near to one-half as possible, expire every two years.

---

[1]Letter from Honorable Homero Ramirez, Webb County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Sept. 27, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, sec. 11.059(e), 1995 Tex. Gen. Laws 2207, 2226 (codified at TEX. EDUC. CODE ANN. § 11.059).

> (d)  A board policy must state the schedule on which specific terms expire.
>
> (e)  Expired.

*Id.* § 11.059 (Vernon 2006).

Your questions relate to the effect of Education Code section 11.0581 on the section 11.059 authority for three-year trustee terms. *See* Request Letter, *supra* note 1, at 1, 7–8. You ask whether the Board of Trustees of the United Independent School District (the "UISD") will be required to change school board members' terms of office from three- to four-year terms in order to ensure that every election is a joint election, and whether the school district is required to hold joint elections under section 11.0581 in every election under all circumstances. *See id.* These two questions raise the same issues from different perspectives, and both require us to set out the background of election date provisions and the practical difficulties that section 11.0581 raises for some districts with three-year trustee terms. Accordingly, we will consider these two questions together.

Section 11.0581 of the Education Code was adopted in 2006[3] and provides that

> (a)  An election for trustees of an independent school district shall be held on the same date as:
>
> > (1)  the election for the members of the governing body of a municipality located in the school district; or
> >
> > (2)  the general election for state and county officers.
>
> (b)  Elections held on the same date as provided by Subsection (a) shall be held as a joint election under Chapter 271, Election Code.[4]
>
> (c)  The voters of a joint election under this section shall be served by common polling places consistent with Section 271.003(b), Election Code.

---

[3]*See* Act of May 12, 2006, 79th Leg., 3d C.S., ch. 5, § 11.01, sec. 11.0581, 2006 Tex. Sess. Law Serv. 45, 98–99.

[4]Election Code section 271.002(a) provides as follows:

> If the elections ordered by the authorities of two or more political subdivisions are to be held on the same day in all or part of the same territory, the governing bodies of the political subdivisions may enter into an agreement to hold the elections jointly in the election precincts that can be served by common polling places, subject to Section 271.003 [relating to the location of polling places].

TEX. ELEC. CODE ANN. § 271.002(a) (Vernon 2003).

> (d) The board of trustees of an independent school district changing an election date to comply with this section shall adjust the terms of office of its members to conform to the new election date.

TEX. EDUC. CODE ANN. § 11.0581 (Vernon Supp. 2006) (footnote added).

Subsection 11.0581(a) refers to the uniform election dates set out in chapter 41 of the Election Code. Section 41.001(a) of the Election Code provides as follows:

> (a) Except as otherwise provided by this subchapter, each general or special election in this state shall be held on one of the following dates:
>
> (1) the second Saturday in May; or
>
> (2) the first Tuesday after the first Monday in November.

TEX. ELEC. CODE ANN. § 41.001(a) (Vernon Supp. 2006). The Election Code further provides that "[t]he general election for state and county officers shall be held on the first Tuesday after the first Monday in November in even-numbered years." *Id.* § 41.002 (Vernon 2003). There is no such express provision for municipal elections, which therefore may be held on either one of the two uniform election dates set out in section 41.001(a). The Local Government Code provides for the frequency of municipal elections. Type A and Type B general-law municipalities are required to conduct annual elections for members of their governing bodies on a uniform election date provided by Election Code chapter 41. *See* TEX. LOC. GOV'T CODE ANN. §§ 22.003, 23.023 (Vernon 1999). Statutes applicable to Type C general-law cities and home-rule cities also require these cities to hold elections on uniform election dates, but they are silent as to the frequency of elections for members of the governing body. *See id.* §§ 24.023(b), 26.042. Such cities will not necessarily hold annual elections for their governing bodies. *See* Request Letter, *supra* note 1, at 7; *see also* TEX. LOC. GOV'T CODE ANN. §§ 24.023(b), 26.042 (Vernon 1999).

At issue here is a school district's ability to comply with section 11.0581(a) of the Education Code. A school district with four-year school trustee terms, which must therefore hold biennial elections, can comply with section 11.0581(a) by conducting elections in November every other year when the general election for state and county officers is held. *See* TEX. EDUC. CODE ANN. §§ 11.0581(a) (Vernon Supp. 2006), 11.059(c) (Vernon 2006); TEX. ELEC. CODE ANN. §§ 41.001(a) (Vernon Supp. 2006), 41.002 (Vernon 2003). If a municipality located in the school district elects its governing body biennially in May, the district may comply with section 11.0581(a) by conducting its elections jointly with the municipality. *See* TEX. EDUC. CODE ANN. §§ 11.0581(a) (Vernon Supp. 2006), 11.059(c) (Vernon 2006).

But some school districts with three-year trustee terms, which must hold trustee elections annually, will not be able to hold all trustee elections as a joint election. *See id.* § 11.059(b) (Vernon 2006). As you point out, elections for school trustees with three-year terms will necessarily take

place in both even-numbered and odd-numbered years. *See* Request Letter, *supra* note 1, at 7 app. (chart showing years when the UISD trustee offices will be up for election). An independent school district whose trustees serve three-year terms will be able to hold all trustee elections as a joint election if a city located in its boundaries holds elections for its governing body annually. If there is no such city in the school district, however, the district will be unable to find an election partner for each year. Even if the school district decides to hold elections on the same date as the biennial general election for state and county officers, it will lack an election partner for odd-numbered years. Under these circumstances, school districts with three-year terms of office will be unable to ensure that every election is a joint election as contemplated by section 11.0581(b).

You indicate that the UISD, whose trustees are currently elected in single member districts for three-year terms of office, will not be able to conduct a joint election in every election year. *See* Request Letter, *supra* note 1, at 7–8. The UISD would like to conduct its trustee elections on the date of the general election for state and county officers and the date of elections held by the City of El Cenizo, a municipality within a portion of the UISD. *See id.* at 7. El Cenizo conducts its elections jointly with the state and Webb County in November in even-numbered years. *See id.* If the UISD chooses these dates, it will not be able to conduct joint elections in odd-numbered years. *See id.* at 7 app.

Your questions require us to consider the relation of section 11.0581 to section 11.059. In construing these two statutes, we look to the rules of statutory construction as stated in judicial decisions and codified in the Code Construction Act, chapter 311 of the Government Code (the "Act"). *See* TEX. GOV'T CODE ANN. ch. 311 (Vernon 2005); *id.* § 311.003 (the rules in the Act "are not exclusive but are meant to describe and clarify common situations"). A court construes a statute, "first, by looking to the plain and common meaning of the statute's words." *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 529 (Tex. 2002). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). Generally, a legislative enactment covering a subject dealt with by an older law, but not repealing that law, should be harmonized whenever possible with its predecessor in such a manner as to give effect to both. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). "[T]he court will endeavor to harmonize and reconcile the various provisions, and if both acts can stand together, the rule is to let them stand." *Int'l Serv. Ins. Co. v. Jackson*, 335 S.W.2d 420, 424 (Tex. Civ. App.—Austin 1960, writ ref'd n.r.e.); *see* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005) (in enacting a statute, it is presumed that the entire statute is intended to be effective).

You suggest that where section 11.0581 provides that a school district trustee election "shall be held on the same *date* as" elections for state and county officials or elections for city officials, the term "date" refers to the usual city council election date, for example the second Saturday of May, but does not mean that both elections are held on the same day (in the same year). TEX. EDUC. CODE ANN. § 11.0581(a) (Vernon Supp. 2006) (emphasis added); Request Letter, *supra* note 1, at 9. You point out that chapter 271 of the Election Code authorizes joint elections where "elections ordered by the authorities of two or more political subdivisions are to be held on the same *day* in all or part of the same territory." TEX. ELEC. CODE ANN. § 271.002(a) (Vernon 2003) (emphasis added); Request Letter, *supra* note 1, at 9. You submit that elections taking place at the same time are referred to as elections on the "same *day*." Request Letter, *supra* note 1, at 9. However, "[i]n

ascertaining a term's meaning, courts look primarily to how that term is used throughout the statute as a whole. Statutory terms should be interpreted consistently in every part of an act." *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002) (citation omitted). We look to section 11.0581(b), which states that "[e]lections held on the same *date* as provided by Subsection (a) shall be held as a joint election under Chapter 271, Election Code." TEX. EDUC. CODE ANN. § 11.0581(b) (Vernon Supp. 2006) (emphasis added). If elections on the same date must be held as a joint election, then the term "same date," when used in section 11.0581, must mean the "same day" (in the same year). Thus, the use of "date" in section 11.0581 and "day" in section 271.002(a) does not support your argument.

Section 11.0581(a) also provides that "[a]n election for trustees of an independent school district *shall* be held" on dates set out in section 11.0581(a)(1) and (2). *Id.* § 11.0581(a) (emphasis added). The word "shall" in statutes is generally construed as mandatory, unless legislative intent suggests otherwise. *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999); TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) ("'Shall' imposes a duty," unless it appears in a context that necessarily requires a different construction). Thus, section 11.0581(a) requires independent school districts to hold elections on certain dates jointly with a city within the district or with the county and state.

Education Code section 11.059(a) provides that a trustee of an independent school district "serves a term of three or four years." TEX. EDUC. CODE ANN. § 11.059(a) (Vernon 2006). In contrast to section 11.0581, it permits but does not require any independent school district to establish three-year terms for its trustees. Because Education Code sections 11.0581 and 11.059 both relate to the election of independent school district trustees, they should be harmonized to give effect to both provisions. *See Argonaut Ins. Co.*, 87 S.W.3d at 531. Any independent school district with three-year trustee terms must change to four-year terms if necessary to comply with the mandate of section 11.0581.

Your remaining question is whether trustees of the UISD have the authority to vote to change their terms of office to four-year terms. *See* Request Letter, *supra* note 1, at 1. Section 11.0581(d) expressly authorizes a board of trustees to change their terms of office to the extent necessary to comply with section 11.0581's joint election date requirement. TEX. EDUC. CODE ANN. § 11.0581(d) (Vernon Supp. 2006). You are concerned, however, that expired subsection 11.059(e) may have some effect on the UISD Board of Trustees' authority to make such a change. *See* Request Letter, *supra* note 1, at 2–4. This subsection provided as follows:

> A district in which trustees serve three-year or four-year terms as of January 1, 1995, continues to elect trustees under that system. The board of trustees of a district in which trustees are elected to two-year or six-year terms shall adopt a resolution providing for three-year or four-year terms. After adoption of the resolution, the board may not alter the length of the terms served by district trustees. [Procedures for transition to a three- or four-year term.] This subsection expires August 31, 2001.

Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2226.

Subsection 11.059(e) expired by legislative direction on August 31, 2001. An expired statute no longer has any force or effect. *See The Irresistible*, 20 U.S. 551 (1822) (ship could not be forfeited under an expired provision of the Neutrality Act of March 3, 1817); *Brown v. City of Amarillo*, 180 S.W. 654, 657 (Tex. Civ. App.—Amarillo 1915, writ ref'd) ("[i]t is well settled that an offense against a temporary act cannot be punished after the expiration of the act," unless some particular provisions be made by law for the purpose, quoting *The Irresistible*, 20 U.S. 551); *see also Baptist Mem'l Hosp. Sys. v. Tex. Health Facilities Comm'n*, 697 S.W.2d 531 (Tex. App.—Austin 1985, no writ) (state agency ceased to exist when statute establishing it expired and was not reenacted after Sunset Act review). Accordingly, the expired subsection 11.059(e) has no effect on the UISD Board of Trustees' authority to establish four-year terms of office pursuant to sections 11.0581(d) and 11.059(a).

In answer to your questions, and based on the facts you have provided about the UISD Board of Trustees, the UISD will be required to change school board members' terms of office from three-year to four-year terms in order to ensure that every election is a joint election. Section 11.0581 of the Education Code requires independent school districts to comply with the election dates it sets out and to hold joint elections on those dates.

## S U M M A R Y

       Section 11.0581 of the Education Code requires an independent school district to hold trustee elections as a joint election on the same uniform election date as the election for members of the governing body of a municipality located in the school district or the general election for state and county officers. If a school district with three-year trustee terms cannot comply with the election requirements stated in section 11.0581, it must change to four-year trustee terms.

       Sections 11.0581 and 11.059 of the Education Code authorize the board of trustees of an independent school district to change three-year trustee terms to four-year terms. An expired subsection of section 11.059 has no force or effect.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee