ACCEPTED
03-15-00118-CV
5176524
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 2:17:08 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00118-CV

In the Court of Appeals
for the Third Judicial District of Texas
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 2:17:08 PM
JEFFREY D. KYLE
Clerk

## TEXAS QUARTER HORSE ASSOCIATION, ET AL
**Appellants/Intervening Defendants,**

**v.**

## AMERICAN LEGION DEPARTMENT OF TEXAS, ET AL,
**Appellees/Plaintiffs.**

Appeal from the 53rd Judicial District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-14-003700

## APPELLEES/PLAINTIFFS' MOTION TO DISMISS APPEAL

TO THE HONORABLE COURT OF APPEALS:

COME NOW AMERICAN LEGION POST 133 *et al.*, Plaintiffs/Appellees, and KICKAPOO TRADITIONAL TRIBE OF TEXAS and THOMPSON ALLSTATE BINGO SUPPLY, INC. *et al.*, Plaintiff-Intervenors/Appellees (collectively "Plaintiffs"), and file this their Motion to Dismiss Appeal, and would show as follows:

## I.    Summary

This case is an appeal of a summary judgment holding that the recent administrative rules of the Texas Racing Commission ("TRC") permitting gambling machine wagering on videos of previously run horse and dog races violate the Texas Racing Act, are outside the TRC's authority, and are void and of no effect. Significantly, the TRC, its executive director, and its individual Commissioners who were defendants have not appealed the summary judgment. Instead, they allowed it to become final as to them, in essence accepting the judgment. The only appellants before this Court are private horse racing industry organizations that had intervened as defendants ("Intervening Defendants"). CR 119, 126, 130, 136, 143, 147, 236, 245.[1]

The Court should dismiss this appeal for lack of subject matter jurisdiction on the following grounds:

(1)    This appeal is now moot because the TRC's decision not to appeal and thus to accept the trial court judgment finally resolves the controversy by providing the relief sought by the Plaintiffs with regard to the rules' validity;

---

[1] The Plaintiffs filed a notice of cross-appeal to challenge the trial court's sustaining of Intervening Defendants' objections to certain of Plaintiffs' summary judgment evidence.

(2)     This appeal is now moot because the new rules no longer exist and no controversy remains for this Court as a result of the TRC having conceded the invalidity of the new rules by not appealing;

(3)     This appeal is now moot because the Court may not reenact or revive the new rules and therefore cannot grant effective relief;

(4)     Any ruling from this Court would provide only an advisory opinion and violate separation of powers principles; and

(5)     The TRC is a necessary party to this appeal under the Texas Administrative Procedure Act but, by not appealing, cannot be made a party.

## II.  Factual Background

The Texas Racing Act, Tex. Rev. Civ. Stat. Ann. art. 179e, has permitted pari-mutuel wagering on live horse and dog races since its enactment in 1986 and on simulcast horse and dog races since 1991.  Acts 1991, 72nd Leg., ch. 386.  The TRC gets its authority from the Texas Racing Act.  Tex. Rev. Civ. Stat. Ann. art. 179e, arts. 2 and 3.

On August 29, 2014, the TRC adopted administrative regulations purporting to authorize wagering on videos of past horse and dog races, which the TRC referred to as "historical" "racing."  *See* 39 Tex. Reg. 7573 (Sept. 19, 2014);

*Transcript of 8/29/14 Tex. Racing Comm'n Mtg.*[2]  The TRC recognizes that "historical racing" terminals do not constitute either live racing approved in 1986 or simulcast racing approved in 1991.  "[H]istorical racing is distinct from live or simulcast racing." 39 Tex.Reg. at 4882 (16 TAC §321.701).  No legislation has ever approved "historical" or other gambling device race wagering in Texas.

Twenty-six nonprofit organizations that conduct charitable bingo in Texas, several businesses that provide services to those charities, a charitable advocacy group, and a federally-recognized Indian tribe that operates a gaming facility in Texas filed suit in Travis County, Texas against the TRC, its executive director, and some of its Commissioners challenging the new regulations.  CR 4, 62, 155.  Plaintiffs sought a declaratory judgment under Tex. Gov't Code Ann. §2001.038(a) and Tex. Civ. Prac. & Rem. Code Ann. §§37.001 *et. seq.* that the rules violated the Texas Racing Act, were outside the TRC's authority and were *ultra vires*, and were void.  *Id.*  Plaintiffs also sought to invalidate the rules under the Texas Constitution, the Texas Penal Code, and the Administrative Procedure Act, and requested injunctive relief from the rules' enforcement.  *Id.*  A number of private

---

[2] Available at www.txrc.texas.gov/agency/meetings/transcripts/t20140829.pdf.  The new regulations included amendments to existing regulations at 16 Texas Administrative Code ("TAC") sections 301.1, 303.31, 303.42, 309.8, 309.297, 309.299, 309.361, 321.5, 321.12, 321.13, 321.23, 321.25, and 321.27, and also added new provisions authorizing so-called "historical" racing at 16 TAC sections 321.701–321.719.  See 16 TEX. ADMIN. CODE §§321.701 *et seq.*, with conforming amendments to other rules.  The new rules were proposed at 39 Tex. Reg. 4873 *et seq.* (June 27, 2014) and adopted at 39 Tex. Reg. 7573 *et seq.* (Sept. 19, 2014).

organizations in the horse and dog racing industry intervened to defend the new rules. CR 119, 126, 130, 136, 143, 147, 236, 245. None of the governmental Defendants or the Intervening Defendants asserted any affirmative claims for relief. *Id.*

Plaintiffs filed a motion for partial summary judgment on their two declaratory judgment claims and their *ultra vires* claim. CR 254. The TRC and its officials filed a cross-motion for summary judgment on all claims, CR 341, as did the Intervening Defendants. CR 384, Supp. CR 3. The trial court granted the Plaintiffs' motion for partial summary judgment in full and denied both the governmental Defendants' motion for summary judgment and the Intervening Defendants' separate summary judgment motion on the issue of the TRC's statutory authority to adopt the new rules.[3] CR 661. The trial court stated that the TRC's "historical racing rules" exceed the TRC's authority under the Texas Racing Act, Tex. Rev. Civ. Stat. Ann. art. 179e, and are invalid. *Id.* Plaintiffs nonsuited their remaining claims so the summary judgment could become final as to their declaratory judgment and *ultra vires* claims. CR 656.

---

[3] The trial court did not address the Defendants' and Intervening Defendants' other grounds for summary judgment, which were that the TRC allegedly complied with the Administrative Procedure Act when issuing the new rules and that the rules purportedly did not violate the Texas Constitution or the Texas Penal Code. CR 663-64. The Plaintiffs nonsuited their claims under the Texas Constitution, Penal Code, APA non-compliance (as opposed to claim under §2001.038(a)), and for injunctive relief, mooting the Defendants' and Intervening Defendants' other grounds for summary judgment. CR 656.

Neither the TRC nor its officials appealed the judgment. Only the Intervening Defendants have appealed the judgment.[4] CR 740.

## III. Argument

### A. The Court Lacks Subject Matter Jurisdiction and Dismissal is Required Because the Intervening Defendants' Appeal is Moot

Texas courts lack subject matter jurisdiction over cases that are moot. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) (cited in *Smith v. Abbott*, 311 S.W.3d 62, 77 (Tex. App.—Austin 2010, pet. denied)). This lack of jurisdiction "is rooted in separation-of-powers concepts and the prohibition against courts rendering advisory opinions." *Smith*, 311 S.W.3d at 77. A case becomes moot when either: (1) there is no case or controversy; or (2) judgment is sought that cannot have any practical legal effect. *See Texas Health Care Info. Council v. Seton Health Plan*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied).

The TRC's decision not to appeal the trial court's judgment has rendered this case moot. First, no controversy exists because the TRC did not appeal and there is no case or controversy between the remaining parties. Second, this case is not redressable by the Court because the rules the TRC has chosen to abandon no

---

[4] *See* n. 1, *supra*.

6

longer exist. Any ruling in this case would render an impermissible advisory opinion.

### 1. Mootness standard

"A case becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy." *Texas Health Care Info. Council*, 94 S.W.3d at 846–47.

Under the mootness doctrine, a controversy must involve a dispute of something more than a hypothetical or abstract character. *Securtec, Inc. v. County of Gregg*, 106 S.W.3d 803, 809 (Tex. App.–Texarkana 2003, pet. denied) (citing *Scurlock Permian Corp. v. Brazos County*, 869 S.W.2d 478, 487 (Tex. App.–Houston [1st Dist.] 1993, writ denied)). The doctrine also requires that courts avoid rendering advisory opinions by only deciding cases that present a "live" controversy at the time of the decision. *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988).

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005); *see also Allstate Ins. Co. v.*

*Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). Thus, "[w]hen there has ceased to be a controversy between the litigating parties … the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal." *Olson v. Comm'n for Lawyer Discipline*, 901 S.W.2d 520, 522 (Tex. App.—El Paso 1995, no writ) (internal citations omitted). Appellate courts, therefore, "have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012).

**2. Because the TRC did not appeal, no case or controversy remains for this Court to decide, rendering the appeal moot.**

The TRC's decision not to appeal mooted the case because: (a) no case or controversy exists between the remaining parties; and (b) the subject of the litigation—the new rules—legally no longer exists.

**a. The appeal is moot because there is no case or controversy between the remaining parties.**

The Court lacks subject matter jurisdiction over this appeal because no case or controversy exists between the remaining parties. When the state becomes a party to a suit it is subject to the same rules that govern other parties, and a judgment for or against it must be given the same effect as would be given if it were an individual litigant. *See, e.g., Wortham v. Walker*, 133 Tex. 255, 128 S.W.2d 1138, 1145 (1939); *Railroad Commission v. Arkansas Fuel Oil Co.,* 148

8

S.W.2d 895, 898 (Tex. Civ. App.—Austin 1941, writ ref'd); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 766 n.7 (Tex. App.–Houston [14th Dist.] 2008, no pet.) (school district, an arm of state, may not attack order that it failed to timely appeal); *In re State Board for Educator Certification*, 452 S.W.3d 802, 809 (Tex. 2014) (orig. proceeding) (state board not entitled in this instance to supersede judgment under TRAP 25.1(h)).

By allowing the judgment to become final by not appealing, the TRC has legally abandoned its new rules and accepted the trial court's ruling that those rules were enacted without authority, were *ultra vires* acts, are void, and are of no legal effect. *See, e.g., Diamond v. Charles*, 476 U.S. 54, 63-64 (1986) ("By not appealing the judgment below, the State indicated its acceptance of that decision, and its lack of interest in defending its own statute . . . its failure to invoke our jurisdiction leaves the Court without a 'case' or 'controversy' ...." (footnote omitted)). The trial court's rulings are now final and non-appealable as to the TRC and its Commissioners. *See Eastin v. Dial*, 288 S.W.3d 491, 499 (Tex. App.—San Antonio 2009, pet. denied) ("Generally, when one party appeals a judgment, any relief afforded that party applies only to him and not to any nonappealing party.").

As a result of the government Defendants' acceptance of the judgment and abandonment of the new rules, there is no longer a "rule or its threatened

9

application [that] interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff," for purposes of a case or controversy under the Texas Administrative Procedure Act's declaratory judgment provision. Tex. Govt. Code Ann. §2001.038(a).[5] Concomitantly, there is no longer a need for a court to "declare [the] rights, status, and other legal relations" between Plaintiffs and the government Defendants, for purposes of a live controversy under the Texas Declaratory Judgment Act. Tex. Civ. Prac. & Rem. Code Ann. §37.003(a).[6] Moreover, the summary judgment based on *ultra vires* claims was not appealed by the only parties who acted *ultra vires* – i.e., the individual TRC officials. There is no longer a case or controversy between Plaintiffs and the only parties against whom Plaintiffs had asserted any claims—the TRC and its officials.

---

[5] Note also that the United States Supreme Court has stated that, based on "concerns for state autonomy," a private defendant appealing in the absence of the state party may not "compel a State to create and retain" a certain "legal framework." *Diamond v. Charles*, 476 U.S. 54, 65 (1986) (dismissing appeal by private intervening defendant when state entity did not appeal); *see also, e.g.*, *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691–93 (6th Cir. 1994) (finding an intervening defendant could not appeal in the absence of the state because it could not "compel the State to enforce a law which it has chosen to abandon").

[6] *See also Hollingsworth v. Perry*, 133 S.Ct. 2652, 2662 (2013) (refusing to allow intervening defendants to appeal in the absence of the state because "the District Court had not ordered [the intervenors] to do or refrain from doing anything")

There is no case or controversy between the only parties to this appeal—the Plaintiffs and the Intervening Defendants.[7] Plaintiffs and Intervening Defendants asserted no claims against each other, nor could they have done so.

### b. The appeal is moot because the subject of the litigation no longer exists.

The Court also lacks subject matter jurisdiction because the new rules themselves ceased to exist when the judgment became final as to the TRC, eliminating the case or controversy. When a judgment invalidating rules becomes final, the new rules are void and the last valid rules are restored. *See All Saints Health Sys. v. Texas Workers' Comp. Comm'n*, 125 S.W.3d 96, 103 (Tex. App.—Austin 2003, pet. denied) ("[T]he appropriate remedy following the invalidation of an administrative rule under the APA is to return to the last validly adopted legal standard existing at the time of the rule's promulgation."). Agency action to eliminate one of its rules by not appealing the rule's judicial invalidation creates the same mootness as if the agency had repealed or amended the rule during the lawsuit. *Cf. Heckman*, 369 S.W.3d at 167 (challenge to statute or written policy may become moot if statute or policy is repealed or fundamentally altered); *Texas*

---

[7] Plaintiffs did file a notice of cross-appeal in the district court on the sole issue of the Intervening Defendants' objections (Supp. CR 107) to certain evidence in Plaintiffs' summary judgment response. None of the government Defendants asserted any objections to Plaintiffs' evidence. Consequently, none of the government Defendants are cross-appellees on Plaintiffs' cross-appeal. In any event, if the Intervening Defendants' main appeal is dismissed for lack of subject matter jurisdiction, Plaintiffs' cross-appeal should also be dismissed as being moot.

*Dept. of Health v. Long*, 659 S.W.2d 158, 160-61 (Tex. App.—Austin, 1983, pet. denied) (appeal moot when procedural requirement that served as basis for temporary injunction was subsequently eliminated by amendment to regulations); *In re Gruebel*, 153 S.W.3d 686, 689 (Tex. App.—Tyler, 2005, no pet.) (amendment of zoning ordinance pending appeal rendered appeal moot); *Texas Education Agency v. Maxwell*, 937 S.W.2d 621, 622 (Tex. App.—Eastland 1996, writ denied) (case moot after trial court invalidation and State repeal); *Baptist Memorial Hosp. Sys. v. Texas Health Facilities Comm'n*, 697 S.W.2d 531, (Tex. App.—Austin 1985, no writ) (case moot because statutory provisions expired and agency abolished). In either scenario, the rule, along with the controversy concerning it, ceases to exist. Gambling on video images of past races is no longer part of the TRC's regulations.

**3. The appeal is moot because there is no effective relief the Court may grant the Appellants.**

A case "becomes moot where the court cannot possibly grant effective relief." *State v. Gibson Prods. Co., Inc.*, 699 S.W.2d 640, 641 (Tex. App.—Waco 1985, no writ); *Fiske v. City of Dallas*, 220 S.W.3d 547, 550 (Tex. App.—Texarkana 2007, no pet.) (declaratory judgment proper only if it will have tangible effect on litigant's right, status, or legal relations). Courts may not grant relief that

12

would involve an exercise of rule-making authority. *Cf. Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd. of Tex. Dept. of Transp.*, 179 S.W.3d 589, 603 (Tex. App.—Austin 2005, pet. denied) ("A court 'cannot modify an agency order without usurping the agency's authority and thereby violating the separation of powers doctrine.'" (quoting *City of Stephenville v. Tex. Parks & Wildlife Dep't*, 940 S.W.2d 667, 678 (Tex. App.—Austin 1996, writ. denied))). As the Texas Supreme Court stated in *Brown v. Humble Oil & Refining Company*:

> If a rule of the commission is found to be illegal or invalid by a court of competent jurisdiction, such court may so adjudge. The court cannot substitute a new rule for the one adjudged invalid. That power rests exclusively with the Railroad Commission.

126 Tex. 296, 316, 87 S.W.2d 1069, 1070 (1935); *see also Texas Dep't of Transp. v. T. Brown Constructors*, Inc., 947 S.W.2d 655, 659 (Tex. App.—Austin 1997, pet. denied). Therefore, when relief depends upon an exercise of rulemaking authority, there is no effective relief that a court can provide.[8]

There is no effective relief this Court may grant the Intervening Defendants with respect to the legally invalidated, abandoned, and now non-existent new rules. No ruling from this Court could have any practical legal effect because this Court

---

[8] *See, e.g., Sea Shore Corp. v. Sullivan*, 158 F.3d 51, 58 (1st Cir. 1998) (dismissing appeal by intervenors in the absence of the state because "in the present case redress … depends not only upon a reversal of the district court's decision, but also upon a state agency's decision to enforce a law after declining to appeal its invalidation").

lacks the subject matter jurisdiction to substitute a new rule for a rule that has been invalidated in a final judgment and abandoned by the TRC. *See, e.g., Brown*, 87 S.W.2d at 1070.

Additionally, this Court cannot add to the trial court judgment of invalidity or supersede its finality and binding effect as to the TRC. The prior rules, now restored to legal status by the TRC's decision not to appeal, are the only legally effective rules, and no dispute as to them is before the Court in this appeal.[9] Only the TRC can promulgate new rules (to the extent permitted by the Texas Racing Act). Because any such new rules are hypothetical, do not exist and have not been evaluated by a district court, they cannot be at issue in the Intervening Defendants' appeal and are not an issue on which the TRC has sought a ruling from this Court.

**4. A ruling in this case would render an advisory opinion and violate Texas' separation of powers principles.**

The TRC's decision not to challenge the invalidation of its rules creates an additional constitutional hurdle to Appellants' appeal. Because a ruling in Appellants' favor would have no practical legal effect on the rules' validity, it would constitute an impermissible advisory opinion and violate Texas' separation

---

[9] *See Hutto Citizens Grp. v. Cnty. of Williamson*, No. 03-08-00578-CV, 2009 WL 2195582 (Tex. App.—Austin July 23, 2009, no pet.) (holding appeal mooted in case in which county and intervening citizen's group sought a declaration that contract between county and waste management company was void, where county and waste management company entered new contract and only citizen's group maintained appeal).

14

of powers principles. *See Nat'l Collegiate Athletic Ass'n*, 1 S.W.3d at 86 (Texas courts prohibited from deciding moot controversies under separation of powers doctrine); *see also* Tex. Const. art. II, § 1. The Texas Supreme Court has stated that "the court's duty to dismiss moot cases arises from a proper respect for the judicial branch's unique role under our constitution: to decide contested cases. Under our constitution, courts simply have no jurisdiction to render advisory opinions." *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 228–29 (Tex. 1993) (dismissing appeal as moot); *see also Spring Branch I.S.D. v. Reynolds*, 764 S.W.2d 16, 18 (Tex. App.—Houston [1st Dist.] 1988, no writ) ("An advisory opinion from this Court is not necessary to protect the government from abuse. It is well positioned to protect itself.").

Any request for relief by the Intervening Defendants in this appeal necessarily would seek an advisory opinion. An opinion regarding the non-existent new rules could only serve as possible future guidance concerning hypothetical future rules because there is nothing that can now be done regarding the legal effectiveness of the invalidated rules. *See Camarena*, 754 S.W.2d at 151 (trial court erred by awarding injunctive relief based on statute as amended while

case pending; "courts, under our Constitution, do not give advice or decide cases upon speculation, hypothetical or contingent situations.").[10]

## B. Under the APA, the TRC is a Necessary Party to an Action Challenging the Validity of its Rules.

This appeal should also be dismissed because the TRC is a necessary party under the APA.

Section 2001.038 of the APA establishes the right of an eligible plaintiff to bring an "action for declaratory judgment" to challenge the validity or applicability of an agency rule. Tex. Govt. Code Ann. §2001.038(a). Significantly for purposes of this appeal, Section 2001.038(c) identifies the <u>only</u> person (other than the plaintiff) who must be a party: *"The state agency must be made a party to the action." Id.* §2001.038(c) (emphasis added).[11] The statute is clear in this respect: in order for a court to entertain a challenge to an agency rule, the agency that

---

[10] *See also Tex. Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) ("The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties."); *Texas Parks and Wildlife Dept. v. Texas Ass'n of Bass Clubs*, 622 S.W.2d 594 (Tex. App.—Austin 1981, writ ref'd n.r.e.) (notwithstanding claim that important administrative law question was involved in mooted case, possibility of future agency action would have constituted nothing more than advisory opinion on abstract question of law); *Texas Alcoholic Beverage Comm'n v. Carlin*, 477 S.W.2d 271, 274 (Tex. 1972) ("A decision of the case would thus serve no purpose except to determine the law or the facts for the guidance of the parties in the event another and different controversy should arise between them. The courts do not sit for that purpose, and it is our opinion that the case is moot.").

[11] This section has existed unchanged since the original 1975 Administrative Procedure and Texas Register Act (APTRA), former V.A.C.S. art. 6252-13a. ACTS 1975, 64th Leg., ch. 61, Sec. 12.

16

promulgated the rule <u>must</u> be a party. In the absence of the agency, the "action" cannot legally move forward.

Although it was the lead defendant in the trial court proceedings, the TRC is neither an "appellant" nor an "appellee" in this case. *See* Tex. R. App. P. 3.1(a) (defining "appellant" as "a party taking an appeal to an appellate court"); 3.1(c) ("Appellee means a party adverse to an appellant").[12] The TRC had a right to appeal the adverse ruling but elected not to. Therefore it is not a party to this appeal on any issue concerning the validity of the trial court's judgment.

The APA requires the TRC to be an appellant to this appeal. The "action" to which an agency "must" be a party under Sec. 2001.038(c) includes the appeal of the district court rulemaking challenge. Because the appeal of the underlying lawsuit is part of the "action" for purposes of that section, then this appeal should be dismissed. Dismissal is required when, as here, a necessary party is absent and cannot be joined. *Cf. Travis Heights Improvement Ass'n v. Small*, 662 S.W.2d 406, 413 (Tex. App.—Austin 1983, no writ) ("While such a situation is rare, there are parties whose presence is so indispensible to the resolution of a cause of action that their absence can deprive a court of jurisdiction to determine such."); *Gilmer*

---

[12] The TRC is not even a cross-appellee on Plaintiffs' cross-appeal, since Plaintiffs' cross-appeal concerns only whether the district court erred in sustaining certain objections by the <u>Intervening Defendants</u> to some of Plaintiffs' summary judgment evidence. The TRC and its Commissioners did not assert any objections to that evidence. In any event, the validity of the trial court's judgment is not at issue on Plaintiffs' cross-appeal.

17

*Ind. Sch. Dist. v. Dorfman*, 156 S.W.3d 586, 588 (Tex. App.—Tyler 2003, no pet.) (agency charged with enforcing statute must be made party to avoid advisory opinion).

Section 2001.038(c)'s legislative mandate that State agencies are indispensible parties to a rulemaking challenge makes sense. Not only does an agency both promulgate and enforce the regulation under attack, but it also (at least in theory) represents the interest of the public, not any particular regulated business. When only private parties square off over the validity of a rule, the public has no voice in the proceeding. Such is also true on appeal. Therefore, Section 2001.038(c) properly requires agency party status at both the trial and appellate level.

When a State agency loses a rulemaking challenge in district court, its decision not to appeal that judgment is significant. The only fact that can be discerned from the agency's non-appeal is that the agency has accepted the judgment. Whether the agency likes the trial court's ruling is irrelevant. By not appealing, the agency has agreed to be bound by the lower court decision. To entertain an appeal by private party intervenors would constitute unwanted judicial interference in the administrative process, even if the agency supported or tacitly

18

agreed with having the private party intervenors carry on the fight for it. [13] As Sec. 2001.038(c) mandates, no portion of a rulemaking challenge—at trial or appeal—should proceed in the agency's absence. If the agency ceases to fight, the fight ceases.

In this case, the TRC made the affirmative decision not to challenge the district court's ruling invalidating its newly-promulgated rules. The APA does not permit an appeal to take place in the TRC's absence.

## IV. Conclusion and Prayer

This appeal is moot, and this Court lacks subject matter jurisdiction over it. Given the absence of any appeal by the TRC, there is no case or controversy between the remaining parties and the rules on which suit was initially brought are void and now nonexistent. Further, no relief sought by Appellants can be granted because this Court cannot presume that the TRC will attempt to bring the invalidated rules back to life, Appellants may not seek any relief as to the last valid rules, and there is no judgment that this Court may enter than will have any practical legal effect. The TRC is also an absent necessary party. This appeal and

---

[13] For instance, in *Diamond v. Charles*, 476 U.S. 54 (1986), the state did not appeal but the Attorney General filed a letter of interest stating that its "interest in this proceeding is identical to that advanced by it in the lower courts and is essentially co-terminous with the position on the issues set forth by the appellants." *Id.* at 61. The United States Supreme Court found this insufficient to allow a private party to carry an appeal forward in the absence of the state.

the cross-appeal should be dismissed now for judicial economy and to enable the parties to avoid further unnecessary briefing and expense on this appeal. Costs should be assessed against Appellants. The mandate does not need to be issued early. Movants pray for such other and further relief, both at law and in equity, to which they may be deemed justly entitled.

Respectfully submitted,

Raymond E. White
State Bar #: 21321950
MCGINNIS, LOCHRIDGE & KILGORE, LLP
600 Congress Ave., Ste. 2100
Austin, TX 78701
Phone: (512) 495-6035/Fax: (512) 505-6331
rwhite@mcginnislaw.com


By: */s/ Raymond E. White*
Raymond E. White
*Attorney for Appellee/Plaintiff*
*Kickapoo Traditional Tribe of Texas*


Stephen Fenoglio
Attorney and Counselor at Law
713 West 14th Street
Austin, TX 78701
State Bar#: 06904600
Phone: (512) 347-9944/Fax: (512) 482-8095
jsfenoglio@fenogliolaw.com
and
Anatole Barnstone
OFFICE OF ANATOLE BARNSTONE
State Bar#: 00793308
713 West 14th Street
Austin, TX 78701
Phone: (512) 327-2600/Fax: (512) 482-8095
barnstonelaw@gmail.com


By: *Anatole Barnstone*
Anatole Barnstone   by permission by Raymond E. White
*Attorney for American Legion*
*Department of Texas*

21

Terry L. Scarborough
Hance, Scarborough LLP
400 W. 15th St., Suite 950
Austin, TX 78701
Phone: (512) 479-8888/Fax: (512) 482-6891
tscarborough@hslawmail.com

By _____
Terry Scarborough
*Attorneys for Thompson Allstate Bingo*
*Supply, Inc. and Moore Supplies, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he conferred, or made a reasonable attempt to confer, with all other parties about the merits of this motion to dismiss, and the Appellants/Intervening Defendants oppose this motion.

By: */s/ Raymond E. White*
Raymond E. White

## CERTIFICATE OF SERVICE

The undersigned certifies that the party/parties listed below was (were) served the foregoing document(s) in the manner shown on the 6th day of May, 2015.

*/s/ Raymond E. White*

Dudley D. McCalla
JACKSON WALKER, LLP
100 Congress Ave. Ste. 1100
Austin, TX 78701
*Attorney for Global Gaming LSP, LLC*

**EMAIL/E-FILE**
**dmccalla@jw.com**

John A. Cardwell
J. Bruce Bennett
CARDWELL HART & BENNETT,

**EMAIL/E-FILE**
**cardwell53@earthlink.com**
**jbb.chblaw@me.com**

22

LLP
807 Brazos, Ste. 1001
Austin, TX 78701
*Attorney for Global Gaming LSP, LLC*

James C. Ho
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201
*Attorney for Sam Houston Race Park,
LLC*

**EMAIL/E-FILE**
**jho@gibsondunn.com**

Phillip G. Oldham
John P. Vacalis
Benjamin B. Hallmark
Thompson & Knight
98 San Jacintio, Ste. 1900
Austin, TX 78701
*Attorneys for Sam Houston Race Park,
LLC*

**EMAIL/E-FILE**
**phillip.oldham@tklaw.com**
**john.vacalis@tklaw.com**
**benjamin.hallmark@tklaw.com**

Rob Hargrove
Ana Maria Marsland Griffith
Osborn, Griffith & Hargrove
515 Congress Ave., Ste. 2450
Austin, TX 78701
*Attorneys for Texas Quarter Horse
Association*

**EMAIL/E-FILE**
**rob@texasenergylaw.com**
**anamaria@texasenergylaw.com**

Martha S. Dickie
A. Boone Almanza
Almanza, Blackburn & Dickie, LLP
2301 S. Capital of Texas Hwy., Bldg. H
Austin, TX 78746
*Attorneys for Gillespie County Fair and
Festivals Association, Inc.*

**EMAIL/E-FILE**
**mdickie@abdlawfirm.com**
**balmanza@abdlawfirm.com**